Longworth, J.
Plaintiff in error was convicted and sentenced in the Common Pleas Court of Butler county, of shooting one Samuel Montgomery with intent to maim. The indictment under which he was tried contained three counts, charging the shooting to have been with intent, first, to kill; second, to wound, and third, to maim. Under the first two counts the prisoner was acquitted. These two counts closed without alleging that the offense charged was committed “ against the peace and dignity of the State of Ohio.” The third count, however, was not defective in this respect. What would have been the effect of a conviction and sentence under either of these defective counts it is not necessary for us now to determine. The prisoner was not prejudiced by his acquittal'; and such acquittal cured any previous errors which may have intervened in the action of the court touching this objection. We can understand that, where evidence has been introduced against the prisoner upon counts, under which no conviction could be had, and such evidence is incompetent against him upon the valid charge under which he is convicted, the prejudice may be such as to warrant a reversal of the judgment. But it is enough to say that no such case is disclosed by the record before us.
II. It is objected further that the third court of the indictment is insufficient for the reason that it simply charges' an intent to maim, without setting forth what member of the body the prisoner intended to injure, disable or destroy. In this-respect we do not consider it defective. Although both at common law and under our present more liberal practice if is-necessary in charging the offense of “ mayhem ” or “ maiming,” to set forth what member of the body was actually injured or destroyed, yet under a charge of assault with intent to-wound- *274 or to maim it was never necessary to do more than to allege the intent in the words of the statute, without setting forth particularly the manner in which it was intended to inflict the injury. Any other rule would lead to absurd results. Suppose a case where one shoots at another, but, not wishing to kill, aims low, so that the ball may probably strike and disable the leg, it would result, from the argument of prisoner’s counsel, that no indictment would be valid or conviction legal unless it should be alleged and proved that the intention was to hit one leg and not the other.
III. The evidence showed that the accused shot Montgomery in the trunk of the body, near the navel, and from this it is argued that the intent, though possibly to kill or to wound, could not have been to maim.
It farther appeared, however, that a nerve was destroyed by the bullet in its course, and that although, the patient has recovered, his right leg is disabled by paralysis, from which it is said he will never, in all probability, recover. From this it seems that the result of the shooting was actually to maim. Can it be said that the verdict finding that the accused intended the result of his criminal act was not warranted % ~We think not. The law presumes all persons to contemplate the natural and probable results of their actions; and we cannot .say that the natural and probable result of such an injury as this is not to cause the loss of the use of some important member of the body.
Unquestionably, upon this state of the evidence, the .•accused might have been properly convicted, under section '6319 of the Revised Statutes, of disabling the limb, or in other words of the offense of actually “ maiming ” the injured man ; nor could he be heard for a moment to say that he did not intend to do the very thing he did.
Numerous other errors in the proceedings are alleged, which we do not think it desirable to consider in detail, or notice further than to say that we are unanimously of opinion that no errors intervened at the trial to the prejudice of the accused.

Judgment affirmed.